IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**ENTERED**
MAR 31 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

UNITED STATES OF AMERICA,

Plaintiff,

v.                                   Civil Action No. 2:04-CV-00218

WESTVEN LIMITED PARTNERSHIP

Defendant.

### AGREED CONSENT ORDER AND JUDGMENT

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), and the Answer of WestVen Limited Partnership ("WestVen"). The Court, being fully advised in the merits, and the parties having agreed to this order, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Consistent with the provisions of 15 U.S.C. § 687c, WestVen surrenders to this Court exclusive jurisdiction over WestVen and all of its assets, wherever located, and agrees to the appointment of SBA as receiver ("the Receiver") of WestVen to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of WestVen's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The parties agree as of the date this order is entered that Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners,

{C0820163.3}

managers, officers, and directors of WestVen under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687o and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of WestVen agree as of the date this order is entered that such persons are dismissed and that they shall have no authority with respect to WestVen's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of WestVen and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of WestVen, as well as all those acting in their place, agree as of the date this order is entered to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. WestVen agrees to furnish a written statement within five (5) days after the entry of this order, listing the identity, location and estimated value of all assets of WestVen as well as the names, addresses and amounts of claims of all known creditors of WestVen. All persons having control, custody or possession of any assets or property of WestVen, including its former General Partner, DM Associates, Inc., agree as of the date this order is entered to turn such property over to the Receiver forthwith.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, shareholders, creditors, debtors, and agents of WestVen. All persons and entities owing any obligations or debts to WestVen shall, until further ordered by this Court, pay all such obligations in

accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if WestVen had received such payments.

5. The parties agree as of the date this order is entered that:

(a) the Receiver is authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of WestVen, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel;

(b) the Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the receivership;

(c) the Receiver is authorized to reimburse SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership; and

(d) the Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. WestVen's past and/or present officers, directors, agents, managers, general partners, shareholders, and employees agree as of the date this order is entered and thereafter to answer under oath, pursuant to a Receiver's Notice or Subpoena issued by the Receiver, all questions which the Receiver may put to them regarding the business

of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WestVen. All other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) are ordered to answer under oath, pursuant to a Receiver's Notice or Subpoena issued by the Receiver, all questions which the Receiver may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WestVen. In the event that the Receiver deems it necessary to require the appearance of any of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of WestVen or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WestVen, the Receiver shall give notice for any such appearance or production by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings, involving WestVen or any assets of WestVen, involving WestVen or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by WestVen's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant,

or otherwise, or with respect to any assets of WestVen, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8.  All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving WestVen or any of its assets or any action of any nature taken by WestVen's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9.  WestVen and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith agree on the date this order is entered and thereafter to refrain from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of WestVen to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10. The parties agree as of the date this order is entered that the Receiver is authorized to borrow on behalf of WestVen, from SBA, up to $500,000, and is authorized

to cause WestVen to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of WestVen, excluding administrative expenses of the receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of WestVen.

11. This Court finds that the parties agree that WestVen has reached a level of capital impairment constituting an event of default on Debenture No.s 1 and 2 and that WestVen has voluntarily forfeited its license as an SBIC as of the date this order is entered.

12. The parties have agreed as of the date this order is entered to a judgment in favor of the United States Small Business Administration in the total sum of $4,191,848.77, as of February 15, 2004, with a per diem interest rate of $801.10 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

**WESTVEN LIMITED PARTNERSHIP**
By counsel

By: *David Allen Barnette*
David Allen Barnette (State Bar No. 242)
Christina T. Brumley (State Bar No. 7805)
Jackson Kelly PLLC
P.O. Box 553
Charleston, West Virginia 25322
(304) 340-1327

U.S. SMALL BUSINESS ADMINISTRATION
By counsel

By: _____
Gary L. Call (State Bar No. 589)
Assistant United States Attorney
P.O. Box 1713
Charleston, West Virginia 25326
(304) 345-2200

By: ARLENE M. EMBREY    by GLC
Arlene M. Embrey
Trial Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
(202) 205-6976

SO ORDERED this 31 day of March, 2004.

_____
UNITED STATES DISTRICT JUDGE

A TRUE COPY CERTIFIED ON

MAR 3 1 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia
By _____ Deputy